# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 14, 2019
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2018-SC-000054-MR

FINAL

DATE 3/7/19 Kim Redmon, DC

RAMON D. LINDSAY          APPELLANT

ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.      HONORABLE AUDRA JEAN ECKERLE, JUDGE
NO. 14-CR-003026

COMMONWEALTH OF KENTUCKY          APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Ramon Lindsay was charged with first-degree assault, criminal attempt to murder, possession of a handgun by a convicted felon, and first-degree persistent felony offender in connection with the shooting of his then-girlfriend, Shavonne Grant. Under a plea agreement with the Commonwealth, Lindsay pleaded guilty to first-degree assault and possession of a handgun by a convicted felon in exchange for dismissal of the remaining charges and a recommendation that he be sentenced to serve 20 years' imprisonment.

In this appeal, Lindsay does not challenge the determination of his guilt. Instead, he argues that the trial court committed two errors in determining that he was ineligible to receive the benefit of the domestic violence exceptions contained in KRS 439.3401(5) and KRS 533.060(1). Specifically, Lindsay

argues that the trial court erred in determining that (1) he had waived his right to the domestic violence exemptions by signing a guilty plea agreement that stated he was ineligible for probation and set his parole eligibility at 85%; and (2) regardless of the waiver, he was not a domestic violence victim under either KRS 533.060(1) or KRS 439.3401(5) and therefore did not qualify for the exemptions to probation and parole eligibility contained in those statutes. We affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY.

Until the incident at issue, Lindsay and Grant had been in a tumultuous long-term relationship and were living together in Grant's home. They had been involved in many domestic violence incidents over the course of their relationship.

On July 25, 2012, Grant was charged with second-degree assault, but later pleaded guilty to an amended charge of harassment with physical contact, for an incident between her and Lindsay. Lindsay reported that he was in a fight with Grant over an alleged affair when Grant "became violent, brandished a knife, and began stabbing at [Lindsay]." Lindsay sustained minor lacerations on his chest and both hands.

On October 18, 2014, Lindsay was arrested for shooting Grant. That night, Lindsay began calling Grant and "talking crazy," which she dismissed as Lindsay's being drunk. Lindsay and his cousin picked up Grant from work, and Grant could see a gun in Lindsay's lap.

2

Once home, Lindsay was still "talking crazy" and told Grant that she was ungrateful to him for his picking her up from work. Grant told Lindsay that she did not know what he was talking about and that she did not want to hear him talking that way. Lindsay struck Grant and began choking her, but Grant was able to fight free. Lindsay struck Grant again in the face and then left the house.

He returned about 10 or 15 minutes later and began beating on Grant's door. Grant let him in, thinking that because he was drunk he would just go to sleep. Instead, Lindsay began hitting her again, punched her in the face with a closed fist, and dragged her throughout the house.

When Grant got away from Lindsay, she went to the kitchen and grabbed a butcher knife. Grant approached Lindsay with the knife in her hand, punched him in the face, and told him not to put his hands on her. Grant also tried to stab Lindsay with the knife but could not.

When Grant walked away toward her bedroom with the knife in her left hand and opening her bedroom door with her right, Lindsay pulled a gun and fired four shots at Grant, striking her shoulder and hip. Although injured, Grant was able to crawl away and call 911.

Lindsay was arrested and charged with first-degree assault, criminal attempt to murder, possession of a handgun by a convicted felon, and first-degree persistent felony offender. In exchange for the Commonwealth's recommendation to serve 20 years on both charges, he pleaded guilty to first-

3

degree assault and possession of a handgun by a convicted felon and the balance of the charges were dismissed.

The Commonwealth's plea agreement, signed by both Lindsay and his attorney and accepted by the trial court, included specific language setting out his eligibility for probation and parole:

> The [Commonwealth] recommends that these sentences run concurrently for a total of 20 years. Due to the violent nature of the crime and the resulting serious physical injury suffered by the victim, the defendant is not eligible for probation. Additionally, the defendant is not eligible for parole until he has served 85% of his sentence.

Following his plea, Lindsay filed a motion for the trial court to find under KRS 439.3401(5) and 533.060(1) that he was a victim of domestic violence and thus eligible for probation and a reduction from 85% to 20% parole eligibility. The trial court held an evidentiary hearing on this motion the day of the sentencing. The evidence adduced at the hearing established the facts as set forth above, and the trial court determined that Lindsay was ineligible to receive the benefit of the domestic violence exemptions contained in both KRS 439.3401(5) and KRS 533.060(1).

In denying Lindsay's motion, the trial court held that Lindsay waived his eligibility for the domestic violence exemptions by entering into a plea agreement that expressly stated he was ineligible for probation and set his parole eligibility at 85% as a violent offender. The trial court also found that even if Lindsay had not waived probation and parole eligibility he did not qualify as a domestic violence victim under either statute. The trial court reasoned that Lindsay did not suffer the requisite injury and was instead the

4

perpetrator in each incident he cited to the trial court. Further, the trial court found that the 2012 incident could not be considered in determining whether Lindsay was a domestic violence victim because it did not share temporal proximity to the incident at issue. Lindsay now challenges these findings.

## II. THE DOMESTIC VIOLENCE VICTIM EXEMPTION FOR PROBATION AND PAROLE ELIGIBILITY UNDER KRS 439.3401(5).

We first consider whether the trial court erred in refusing to grant Lindsay the benefit of the domestic violence exemption for probation and parole eligibility contained in KRS 439.3401(5). That this issue is preserved for our review is undisputed.

In general, "a defendant sentenced to imprisonment for two years or more, up to and including thirty-nine years, is eligible for release on parole after serving twenty percent of the imposed sentence."[1] KRS 439.3401 provides several exceptions.

Under KRS 439.3401(3)(a), "[a] violent offender who has been convicted of a capital offense or Class A felony with a sentence of a term of years or Class B felony shall not be released on probation or parole until he has served at least eighty-five percent (85%) of the sentence imposed." KRS 439.3401(1) defines *violent offender* as a person who has been convicted or pleaded guilty

---

[1] *Gaines v. Commonwealth*, 439 S.W.3d 160, 164 (Ky. 2014) (citing 501 KAR 1:030 § 3(c)). These guidelines apply to a felony offense committed after December 3, 1980. 501 KAR 1:030 § 3(c).

5

to, among other things, a Class B felony involving the death or serious physical injury to the victim.

By operation of KRS 439.3401(3)(a), Lindsay's conviction for first-degree assault, a Class B felony[2] that resulted in serious bodily injury to Grant, would render him ineligible for probation or parole until he has served eighty-five percent of his sentence.

"However, KRS 439.3401(5) carves out an exemption from the eighty-five percent rule, and thus a reversion to the twenty percent rule"[3] for a violent offender "who has been determined by a court to have been a victim of domestic violence or abuse pursuant to KRS 533.060 with regard to the offenses involving the death of the victim or serious physical injury to the victim."

KRS 533.060(1) provides, in pertinent part:

> When a person has been convicted of an offense or has entered a plea of guilty to an offense classified as a Class A, B, or C felony and the commission of the offense involved the use of a weapon from which a shot or projectile may be discharged that is readily capable of producing death or other serious physical injury, the person shall not be eligible for probation, shock probation, or conditional discharge, except when the person establishes that the person against whom the weapon was used had previously or was then engaged in an act or acts of domestic violence and abuse as defined in KRS 403.720 against either the person convicted or a family member[.]

KRS 403.720 defines "domestic violence and abuse" as "physical injury, serious physical injury, stalking, sexual abuse, assault, or the

---

[2] KRS 508.010(2) ("Assault in the first degree is a Class B felony.").
[3] *Gaines,* 439 S.W.3d at 164.

6

infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple[.]"

So, to qualify for the domestic violence exemption under KRS 439.3401(5), "the violent offender must have been a victim of domestic violence or abuse *and* that violence or abuse must have also occurred 'with regard to' the crime committed by the violent offender claiming the exemption."[4]

Importantly, in *Gaines v. Commonwealth* this Court examined the statutory text of KRS 439.3401(5) and concluded that the exemption would apply "only when the domestic violence or abuse was '*involved*' in the offense committed by the violent offender."[5] So there must be "some connection or relationship between the domestic violence suffered by the defendant and the underlying offense committed by the defendant."[6] But, "a prior history of domestic violence between a violent crime victim and the criminal defendant who perpetrated the violent offense does not, in and of itself, make the defendant eligible for the [exemption]."[7] Instead, the defendant is required to "show something more than a mere temporal proximity between the domestic abuse and the [underlying crime]."[8]

---

[4] *Id.* (emphasis added).

[5] *Id.* at 165 (citing *Springer v. Commonwealth*, 998 S.W.2d 439, 457 (Ky, 1999)).

[6] *Commonwealth v. Vincent*, 70 S.W.3d 422, 424 (Ky. 2002).

[7] *Id.* at 425.

[8] *Gaines*, 439 S.W.3d at 165.

In order to qualify for this exemption, Lindsay was required to show by a preponderance of the evidence that he was a victim of domestic violence or abuse.[9] This standard "merely requires that the evidence believed by the fact-finder be sufficient that the defendant was more likely than not to have been a victim of domestic violence."[10] Accordingly, we review the trial court's determination under a "clearly erroneous" standard.[11] A factual finding is not clearly erroneous if supported by "substantial evidence."[12]

In this case, the trial court's finding that Lindsay was not a victim of domestic violence was supported by multiple sources of evidence. About the 2014 incident, the trial court heard evidence that although Grant punched Lindsay, confronted him with a butcher knife, and tried to stab him with it, she did so only after Lindsay had punched her in the face multiple times, dragged her throughout the house, and attempted to choke her. Grant testified that she retrieved the butcher knife from the kitchen and confronted Lindsay only to get Lindsay to stop punching her and that she thought doing so would get him to calm down. Further, Lindsay shot Grant not when she was attempting to punch or stab him but instead when she was walking away from him and into her own bedroom.

---

[9] *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996).

[10] *Id.*

[11] *Gaines*, 439 S.W.3d at 165 (citing *Anderson*, 934 S.W.3d at 278).

[12] *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998).

About the 2012 incident, the trial judge heard testimony that, despite the initial police report identifying Lindsay as a victim, Grant was again defending herself after being punched by Lindsay. Likewise, although Grant testified at the hearing that she had confronted Lindsay with a knife on other occasions, she also testified that she only did so in response to Lindsay's beating her.

Furthermore, even if the trial court had found that Lindsay was a domestic violence victim regarding the 2012 incident in which Grant pleaded guilty to harassment with physical contact, the trial court did not err in determining that there was not a sufficient connection between any domestic abuse perpetrated by Grant in 2012 and the underlying offense committed by Lindsay in the present case. We think that the simple fact that Grant also wielded a knife in an incident more than two years before Lindsay's attack in the present case—even if the incident had resulted in domestic violence directed at Lindsay—is insufficient to establish the requisite connection under *Gaines*.

In sum, based on the evidence presented at the hearing, we simply cannot conclude that the trial court was clearly erroneous in determining that Lindsay was not a victim of domestic violence or abuse regarding the present crime.

### III. THE DOMESTIC VIOLENCE VICTIM EXEMPTION FOR PROBATION ELIGIBILITY UNDER KRS 533.060(1).

Lindsay also contends that the trial court erred in determining that he was ineligible for the domestic violence exemption contained in KRS 533.060(1). This issue is preserved for our review. We, likewise, conclude that

the trial court did not err in finding that Lindsay was ineligible for this exemption.

Under KRS 533.060(1), "[w]hen a person has been convicted of a Class A, B, or C felony and the commission of the offense involves the use of a weapon from which a shot or projectile may be discharged," the person shall not be eligible for probation unless the person so convicted can establish that the victim "had previously or was then engaged in an act or acts of domestic violence and abuse[.]"[13] We review the trial court's determination under the clearly-erroneous standard.[14]

Unlike KRS 439.3401(5), the probation exception contained in KRS 533.060(1) "does not require the defendant to show any connection between the commission of an offense and the history or occurrence of domestic violence between the defendant and the violent crime victim."[15] So, here, a defendant's eligibility "turns on the defendant's status as a victim of domestic violence."[16]

Like the determination of Lindsay's eligibility under KRS 439.3401(5), we also conclude that the trial court's determination that Lindsay was not a victim

---

[13] KRS 533.060(1).

[14] *See Anderson*, 934 S.W.2d at 278 (holding that the preponderance of evidence standard, and therefore the clearly-erroneous standard on review, should be applied to determinations of whether a defendant is a victim of domestic violence under KRS 439.3401(5)). We believe this logic extends to the same factual determination under KRS 533.060(1), and accordingly apply the same standard.

[15] *Vincent*, 70 S.W.3d at 425–26.

[16] *Id.* at 425.

10

of domestic violence under KRS 533.060(1) was supported by substantial evidence. As discussed in the preceding section of this opinion, Lindsay failed to produce substantial evidence showing that he was a victim of domestic violence or abuse regarding either the 2012 incident in which Grant was arrested or the 2014 incident that resulted in the underlying offense at issue. In addition, although Grant admitted that she had confronted Lindsay with a knife on multiple occasions, she also testified that she had only done so to protect herself from Lindsay. Accordingly, we find that the trial court did not err in concluding that Lindsay was not a victim of domestic violence under KRS 533.060(1) and was therefore not eligible for probation under that statute.[17]

## IV. LINDSAY'S WAIVER OF THE DOMESTIC VIOLENCE EXEMPTIONS.

Because we find that the trial court did not err in determining that Lindsay was ineligible for the exemption in either KRS 439.3401(5) or KRS 533.060(1), we decline to determine whether Lindsay had waived his eligibility for either exemption because his plea agreement provided that he was ineligible for probation as a violent offender and that his parole eligibility was 85%.

---

[17] In addition, even if the trial court had erred in determining that Lindsay was not eligible for probation under KRS 533.060(1), Lindsay would not be entitled to a new sentencing hearing to determine his eligibility for probation because the trial court expressly found that it would have denied probation. In its order, the court noted "the nature and circumstances of the crimes, the history, character, and condition of the defendant," and concluded that probation would be improper because there was "a substantial risk Lindsay would commit other crimes" and probation would "unduly depreciate the seriousness" of the crimes for which he has been convicted. Lindsay does not challenge those findings.

## V. CONCLUSION.

For the foregoing reasons, we affirm the trial court's judgment.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur.


COUNSEL FOR APPELLANT:

Cicely Jaracz Lambert
Chief Public Defender

Daniel T. Goyette
Louisville Metro Public Defender


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Jesse Robbins
Assistant Attorney General